UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Derrick B. Allen, <br><br> Petitioner <br><br> v. <br><br> Ronald Oliver, <br><br> Respondent | Case No. 2:24-cv-00475-CDS-NJK <br><br> **Screening Order Granting Leave to Amend** <br><br> [ECF No. 1] |

Petitioner Derrick B. Allen, a Nevada prisoner, has commenced this action by paying the filing fee and filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. Having conducted an initial review under Habeas Rule 4,[1] I find that the petition is defective for reasons discussed below. Rather than dismiss this case, I will provide Allen with an opportunity to file an amended petition.

I.  **Background**

Allen states in his petition that he is challenging a judgment of conviction entered in Henderson Justice Court in June 2022, under case number 21PCH001175, that resulted in a sentence of 1 to 36 months. ECF No. 1 at 1. In the space on the form petition asking for a list of the crimes for which the petitioner was convicted and sentenced, Allen lists "several traffic violations" and "open murder." *Id.* According to the docket for Henderson Justice Court available online, Allen was charged with several felonies in case number 21PCH001175, including open murder, and was also cited by the Henderson Police Department for traffic offenses.[2] The online records for the Eighth Judicial District Court for Nevada indicate that Allen entered a guilty plea

---

[1] Habeas Rule 4 is contained in the Rules Governing Section 2254 Cases in the United States District Courts.

[2] https://cvpublicaccess.clarkcountynv.gov/eservices/searchresults.page?x=7SrzVRrsbqKZ9jNYWe9C8KzoFcmWzMd1fvMiq8F5Enmladhyet4dkZUH0R8ntPCmAueHZjcdR756d9BTw64f*Q (accessed March 12, 2024).

to first degree murder in that court in April 2022, with a judgment of conviction entered in May of 2022.[3]

II.     Discussion

To bring an action under 28 U.S.C. § 2254, a petitioner must "be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). There must be a nexus between "the judgment of a State court" the petitioner is challenging and the "custody" upon which the petitioner relies to establish jurisdiction. *Dominguez v. Kernan*, 906 F.3d 1127, 1136 (9th Cir. 2018). In other words, the challenged judgment must be "the source of the petitioner's custody." *Id.* (quoting *White v. Lambert*, 370 F.3d 1002, 1007 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc)).

Allen's petition indicates that he is currently incarcerated at Southern Desert Correctional Center, but I have reason to question whether Allen is currently "in custody" under the judgment of conviction he purports to be challenging with his petition—i.e., a judgment of conviction entered by Henderson Justice Court in June 2022, under case number 21PCH001175, that resulted in a 1 to 36 month sentence. In Nevada, justice courts "have jurisdiction of all misdemeanors and no other criminal offenses except as otherwise provided by specific statute." Nev. Rev. Stat. § 4.370(3). A misdemeanor in Nevada is "a crime punishable by a fine of not more than $1,000, or by imprisonment in a county jail for not more than 6 months." Nev. Rev. Stat. § 193.120. Thus, any judgment of conviction entered by the Henderson Justice Court probably did not result in a 1 to 36 month sentence. Moreover, any custodial sentence the justice court may have imposed in June of 2022 would likely be discharged by the time Allen filed his petition in this case.[4]

---

[3] https://www.clarkcountycourts.us/Anonymous/CaseDetail.aspx?CaseID=12193879 (accessed March 12, 2024).

[4] The online records for the Eighth Judicial District Court for Nevada indicate that, in May 2022, Allen entered a guilty plea to failure to stop on signal of police officer and was sentenced to 12 – 30 months. https://www.clarkcountycourts.us/Anonymous/CaseDetail.aspx?CaseID=12225148 (accessed March 11, 2024). If the judgment of conviction in that case is the one he intended to challenge with his current petition, the court is still without jurisdiction because online records provided by the Nevada Department of Corrections show that Allen has discharged that sentence. https://ofdsearch.doc.nv.gov/form.php (accessed March 12, 2024).

Unfortunately, the rest of Allen's petition does not help me determine what state court criminal proceeding he wants to challenge. In the section requiring Allen to state his claims for relief, he provides vague allegations that are inscrutable without more information. Simply put, I am unable to adjudicate Allen's petition in its current form. In the event Allen wishes to challenge the judgment of conviction for the first-degree murder, he needs to file an amended petition identifying that judgment and providing the information about that case required by the court's approved form.[5]

In addition, a petition for writ of habeas corpus under 28 U.S.C. § 2254 cannot rely upon mere "notice" pleading, as may be found in other civil cases in the United States District Courts. *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (citing Advisory Committee Note to Rule 4, Rules Foll. Cases under 28 U.S.C. § 2254). "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d 20, 29 (9th Cir. 1994); *see also Allard v. Nelson*, 423 F.2d 1216, 1217 (9th Cir. 1970) (holding that conclusory allegations in a habeas petition fail to state a claim and do not suffice to shift the burden to the state to answer an order to show cause). Thus, for each ground for relief in the petition, Allen must include all the relevant facts that support it.

### III.    Conclusion

IT IS THEREFORE ORDERED that Allen shall have 30 days from the date of this order within which to file with the court an amended petition which corrects the deficiencies identified in this order. In addition to correcting the problems I have identified; Allen must include in that amended petition all claims for habeas corpus relief of which he is aware.

IT IS FURTHER ORDERED that if Allen fails to respond to this order in the time and manner provided, I will conclude that he does not desire to pursue this matter, and I will enter an order dismissing this case, without prejudice.

---

[5] In a previous action brought by Allen, this court noted that the direct appeal of his murder conviction was dismissed as untimely filed and that it did not appear that he had filed a state post-conviction petition. *See* Case No. 2:22-cv-01465-GMN-EJY; ECF No. 13 at 2. Thus, I question whether Allen can file a federal petition challenging the murder conviction that is timely under 42 U.S.C. § 2244(d). And, even if he can surmount that obstacle, he will likely need to demonstrate that the court should excuse the procedural default of his claims. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

      The Clerk of Court is kindly directed to send Allen a noncapital Section 2254 habeas petition form, one copy of the instructions for the form, and a copy of his initial habeas petition.

Dated: March 15, 2024

_____
United States District Judge